{¶ 66} I respectfully dissent in part from the majority's resolution of Rice's second assigned error. I believe Rice set forth sufficient evidence to overcome summary judgment on his retaliation claim.
 {¶ 67} The evidence revealed that nine days after Rice submitted a memo expressing his concern regarding the County's treatment of minorities, the position he sought via his CPQ, was awarded to Carla Brown. Therefore, evidence was presented that there was a possible causal link between Rice's memo, which was protected activity, and his failure to receive the promotion.
 {¶ 68} Although the County argues Rice was not qualified for the position, I believe this is an issue of fact for the jury. The County claims that Rice did not have the requisite license in order to perform the duties required of an assistant superintendent. However, Rice contends he was performing the duties of this position prior to Brown's hire. According to Rice, Clarence Hunter and Lee Trotter told him the CPQ was going to be approved. Rice also contends the person who formerly held the position only had a high school degree. Therefore, I feel there is an issue of fact regarding whether the reason given by the County was pretextual.
 {¶ 69} For the same reason, I also believe there is an issue of fact concerning whether the County's decision to grant Rice temporary additional pay, instead of a permanent pay increase, was motivated by Rice's complaint to the County regarding the treatment of minorities.
 {¶ 70} Rice claimed he continued to provide administrative supervision even after Brown was hired, for which he was not compensated. Also, Robert Slosar, the employee relations specialist assigned to investigate Rice's claims, stated in his deposition that although he found no probable cause for Rice's race complaint, he did recommend Rice receive a pay increase to a supervisory level because Rice was supervising social workers. This was after Carla Brown was hired. Although the County contends the extra duties assumed were in fact within Rice's job classification as a social program coordinator, a fact issue is raised as to whether these extra duties were in fact part of Rice's job duties.
 {¶ 71} Therefore, for the above reasons, I must respectfully dissent in part from the majority's disposition of the second assigned error.